UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENJAMIN STIBBE,

        Petitioner,

                                    Case No. 20-cv-60-pp

   v.

UNITED STATES OF AMERICA,

        Respondent.

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1), DENYING AS MOOT PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING A FILING FEE (DKT. NO. 3), DENYING AS MOOT PETITIONER'S FIRST MOTION TO AMEND §2255 MOTION (DKT. NO. 5), GRANTING PETITIONER'S FIRST MOTION TO SUPPLEMENT RECORD (DKT. NO. 6), DENYING AS MOOT PETITIONER'S SECOND MOTION TO SUPPLEMENT RECORD (DKT. NO. 7), DENYING AS MOOT PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 10), DISMISSING CASE WITH PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On January 14, 2020, the petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255; the motion challenged his conviction in <u>United States v. Benjamin Stibbe</u>, Case No. 06-cr-223 (E.D. Wis.). Dkt. No. 1 at 2. With the motion, the petitioner filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. On June 26, 2020, he filed a motion to amend the §2255 motion. Dkt. No. 5. A month later, he filed a motion to supplement the record. Dkt. No. 6. On August 6, 2020, the petitioner filed a second motion to supplement the record. Dkt. No. 7.

1

The petitioner argues that the sentencing court improperly applied a sentencing enhancement, that his attorney provided ineffective assistance of counsel and that the "fair sentencing act of 2010" entitles him to a resentencing or a sentence reduction. Id. at 6-8. Because the petitioner is plainly not entitled to relief, this order denies the §2255 motion and dismisses the case. The court will deny as moot the petitioner's motion for leave to proceed without prepaying the fee, deny as moot the petitioner's first motion to amend his §2255 motion, grant the petitioner's first motion to supplement the record and deny as moot the petitioner's second motion to supplement the record.

I.    **Background**

On September 19, 2006, the grand jury returned an indictment against the petitioner and co-defendants Timothy Milton, Torrence Milton, Theartis Milton, Lashonza Hunt, Marc Mosley, Demario Mosley, Roy Monette, Felic Claypool, Teri Stibbe Jonathon Selensky. Stibbe, Case No. 06-cr-223, Dkt. No. 20. Count One of the indictment charged the petitioner, Timothy Milton, Torrence Milton, Terrell Milton, Theartis Milton, Lashonza Hunt, Marc Mosley, Demario Mosley and Roy Monette with conspiracy to distribute one kilogram or more of heroin—resulting in death and serious bodily injury—and fifty grams or more of cocaine base in violation of 21 U.S.C. §§841(b)(1)(A) and 846. Id. at 2. Count Five charged the petitioner with knowingly and intentionally distributing heroin in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) and 18 U.S.C. §2. Id. at 6.

2

On June 29, 2007, the petitioner (represented by Attorney Anthony Cotton) signed a plea agreement, which was filed on July 3, 2007. Dkt. No. 137 at 14. The agreement stated that the petitioner agreed to plead guilty to Count One of the indictment, and that the government agreed to move to dismiss the remaining count at sentencing. Id. at ¶¶4-5, 8. It stated that the petitioner had read and fully understood the charges in the indictment, the "nature and elements of the crimes with which he ha[d] been charged" and that his attorney fully explained "the terms and conditions of the plea agreement." Id. at ¶3. In the agreement, the petitioner acknowledged, understood and agreed that he was guilty of the offense in Count One. Id. at ¶5. He admitted that facts attached to the plea agreement established his guilt beyond a reasonable doubt. Id. The agreement stated that the petitioner understood and agreed that the maximum term of imprisonment for Count One was life in prison, a $4,000,000 fine and lifetime supervised release; he understood and agreed that Count One carried a mandatory minimum of twenty years of prison, a mandatory special assessment of $100 and five years of supervised release. Id. at ¶6. The petitioner acknowledged, understood and agreed that he "discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that [the petitioner] may qualify as an Armed Career Criminal under 18 U.S.C. § 924(3) or a career offender under the sentencing guidelines." Id. at ¶7.

The agreement also laid out the elements of the charges. Id. at ¶10. It said that the parties understood and agreed that to sustain the charge of

conspiracy to distribute controlled substances in Count One, the government must prove beyond a reasonable doubt that the conspiracy charged in Count One existed, and that the petitioner knowingly became a member of that conspiracy with the intent to further the conspiracy. Id. The agreement explained that for the penalties in 21 U.S.C. §841(b)(1)(A) to apply, the government must prove beyond a reasonable doubt that Count One involved (1) at least one kilogram of heroin and fifty grams or more of cocaine base, and (2) that death and serious bodily injury resulted from the use of the heroin distributed in furtherance of the conspiracy. Id. at ¶9.

The agreement confirmed that the petitioner acknowledged and agreed that his attorney had "discussed the applicable sentencing guidelines provisions with him to [his] satisfaction." Id. at ¶13. The petitioner acknowledged and understood that he "may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of [his] criminal history." Id. at ¶14. He acknowledged, understood and agreed that the agreement did not "create any right to be sentenced within any particular sentence range, and that the court [might] impose a reasonable sentence above or below the guideline range." Id. at ¶15. The agreement stated that "the sentencing judge [might] consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which [the petitioner] [was] pleading guilty." Id. at ¶16. The parties acknowledged, understood and agreed that "[t]he sentencing court [would] make its own determinations regarding any and all issues relating to

4

the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties" stated in the agreement. Id. at ¶22. The petitioner acknowledged, understood and agreed that he "may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court." Id. at ¶23.

The agreement described the petitioner's waiver of rights. Based on the agreement, the petitioner "knowingly and voluntarily waive[d] his right to appeal his sentence in this case and further waive[d] his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255." Id. at ¶32. "This waiver [did] not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel." Id.

Under the terms of the agreement, if the petitioner violated any term of the agreement at any time, the agreement "[would] become null and void at the discretion of the government." Id. at ¶38. If the agreement "[was] revoked or if [the petitioner's] conviction ultimately [was] overturned, then the government retain[ed] the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of [the] agreement." Id. Finally, the petitioner acknowledged, understood and agreed that he would "plead guilty freely and voluntarily because he [was] in fact guilty," and that "no threats, promises, representations, or other inducements ha[d] been made, nor

agreements reached, other than those set forth in [the] agreement, to induce [the petitioner] to plead guilty." <u>Id.</u> at ¶39.

On September 21, 2007, Judge Charles Clevert held a change-of-plea hearing. Dkt. No. 199. The petitioner appeared in person with Attorney Cotton. <u>Id.</u> at 1. The hearing minutes reflect that the court found the petitioner competent to offer a plea, found a factual basis for a plea and found that the petitioner offered the plea voluntarily. <u>Id.</u> The court concluded that the petitioner understood his trial rights, the nature of the charges against him and the maximum penalty. <u>Id.</u> The court accepted the petitioner's guilty plea to Count One of the indictment and found him guilty. <u>Id.</u>

The presentence investigation report was prepared on December 18, 2007. Dkt. No. 605. The report relied on the 2007 edition of the Sentencing Guidelines Manual. <u>Id.</u> at ¶144. Noting that the petitioner had been convicted of violating 21 U.S.C. §841(b)(1)(A) and that the offense established that death or serious bodily injury resulted from the use of the substance the petitioner conspired to sell, the report reflected a base offense level of 38 under U.S.S.G. §2D1.1(a)(2). <u>Id.</u> at ¶145. The report recommended reducing that level by 2 under U.S.S.G. §3E1.1(a) because the petitioner had accepted responsibility for the offense, and recommended reducing it by another 1 level under U.S.S.G. §3E1.1(b) because the petitioner had timely admitted guilt. <u>Id.</u> at ¶¶151-53. The report reflected ten (10) points for the petitioner's prior convictions, two points (2) under U.S.S.G. §4A1.1(d) because he committed the underlying offense while on probation, and one point (1) under U.S.S.G. §4A1.1(e) because

6

he committed the underlying offense less than two years after release from custody on a prior offense, resulting in thirteen (13) criminal history points and a criminal history category of VI. Id. at ¶¶156-71.

On March 26, 2008, Judge Clevert held the sentencing hearing. Dkt. Nos. 276, 420. The petitioner appeared in person with Attorney Cotton. Dkt. No. 420 at 2. Attorney Cotton stated that he had no objections to the presentence report as filed.[1] Id. at 3. The court adopted the guideline determinations from the presentence report, determined that the offense level was 35, that the criminal history category was V and that the advisory guideline range was 262 to 327 months. Id. at 4. The court sentenced the petitioner to three hundred months of imprisonment and five years of supervised release, and dismissed Count Five of the indictment. Id. at 26-30; Dkt. No. 280 at 1. The court clarified that while the petitioner may have waived his appellate rights as part of his plea agreement, he could appeal his sentence to the extent that he believed it was unlawful or that the court relied on an unconstitutional factor in imposing it. Dkt. No. 420 at 30. The court entered judgment on March 31, 2008. Dkt. No. 280. The court's judgment reflected the sentence: three hundred months of imprisonment followed by five years of

---

[1] Prior to sentencing, the petitioner had filed an objection arguing that the presentence investigation report incorrectly assessed one criminal history point for possession of heroin paraphernalia when that conduct was "part of the instant offense;" the petitioner argued that under U.S.S.G. §4A1.2(a)(1), the possession of paraphernalia was relevant conduct and should not be assessed a criminal history point. Dkt. No. 239 at 1. At the sentencing hearing, the parties agreed that the presentence investigation report as filed addressed the petitioner's objection. Dkt. No. 420 at 3.

7

supervised release, a special assessment of $100 and $14,688.40 in restitution. Id. at 5.

On January 14, 2020—almost twelve years after the court entered judgment—the petitioner filed this motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Case No. 20-cv-60, Dkt. No. 1. The motion asserts three grounds for relief: (1) because reckless homicide by delivery of a controlled substance is not a crime of violence under 18 U.S.C. §16, the court should not have applied a sentencing enhancement, (2) the petitioner's counsel was ineffective for failing to challenge a sentencing enhancement and (3) "under the 'fair sentencing act of 2010' [the petitioner] should be considered for a lesser sentence then co-conspirators, or sentence reduction due to mitigating factors." Id. at 6-8.

## II.  **Analysis**

### A.   Standard

In a §2255 proceeding, the court must first review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized

8

by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

B.    Discussion

The petitioner states that "[a]t the time of [his] plea hearing and again at the sentencing . . . he repeatedly brought to [his] attorneys' attention that [he] did not believe that [he] should receive a point enhancement for being a violent criminal under 18 U.S.C.S. 16 since [he] did not believe that by federal standards that [he] had committed a violent crime at any time." Dkt. No. 2 at 1-2. He argues that "[a]fter the fact, there have been numerous rulings showing that [he] was correct and should not have received a violent offender enhancer" based on his prior conviction for reckless homicide in Wisconsin. Id. at 2.

28 U.S.C. §2255 imposes a one-year limitation period for filing motions to vacate, set aside or correct federal sentences. The one-year period begins on the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

9

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The petitioner did not file his §2255 motion within one year of his judgment becoming final, as required by §2255(f)(1). He has not described any newly discovered evidence as provided in §2255(f)(4) or alleged under §2255(f)(2) that an impediment prevented him from filing his motion. That leaves §2255(f)(3)—"the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The petitioner argues that "numerous rulings" since his conviction show that he "was correct and should not have received a violent offender enhancer." Dkt. No. 2 at 2. The petitioner argues that in Begay v. U.S., 553 U.S. 137 (2008), the United States Supreme Court clarified the scope of 18 U.S.C. §16. Id.

The petition is untimely, even if the right the petitioner asserts was recognized by Begay. The Supreme Court decided Begay on April 16, 2008, about two weeks after Judge Clevert entered the judgment against the defendant. Even if Begay had established some new right that applied to the petitioner and wasn't available to him on the date of his sentencing, the "date on which" that right "was initially recognized by the Supreme Court" was April 16, 2008; the petitioner had one year from that date—until April 16, 2009, give

10

or take—by which to file his petition. The petitioner did not file the petition until almost eleven years later.[2]

And <u>Begay</u> did not recognize any right that would apply to the petitioner. The <u>Begay</u> court held that New Mexico's crime of driving under the influence was not a "violent felony" for the purpose of imposing the fifteen-year mandatory minimum sentence under 18 U.S.C. §924(e) (the Armed Career Criminal Act). <u>Begay</u>, 553 U.S. at 148. The Armed Career Criminal Act imposes a mandatory minimum sentence of fifteen years for a person who has been convicted of violating 18 U.S.C. §922(g) (being a felon in possession of a firearm) if that person has three or more convictions for a "violent felony" as that term is defined under 18 U.S.C. §924(e)(2)(B). The petitioner was not charged with, or convicted of, being a felon in possession; he was not subject to the Armed Career Criminal Act. Nor was the petitioner treated as a Career Offender under U.S.S.G. §4B1.1.

Even if the petition had been timely filed, the petitioner also would have had to demonstrate that he had not procedurally defaulted on the claims in the petition. For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first

---

[2] <u>Begay</u>, which held that the New Mexico offense of driving under the influence did not qualify as a "violent felony" under the Armed Career Criminal Act, since has been overruled. <u>See also</u> <u>Price v. U.S.</u>, 795 F.3d 731, 732 (7th Cir. 2015) ("*Johnson* announces a new rule: It explicitly overrules the line of Supreme Court decisions that began with *Begay*, and it broke new ground by invalidating a provision of the ACCA.").

11

time on collateral review is procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711, 713-14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." Delatorre, 847 F.3d at 843 (citing Bousley v. United States, 523 U.S. 614 (1998)).

If the petitioner had not waived his right to appeal, he could have appealed what he believes to have been an improper sentencing enhancement. Had he not waived his right to appeal, therefore, he would not have procedurally defaulted on this claim. The Seventh Circuit generally permits a petitioner to allege an ineffective assistance of counsel claim for the first time in a §2255 motion "regardless of whether the petitioner could have raised the claim on direct appeal." Delatorre, 847 F.3d at 845 (quoting Gaylord v. United States, 829 F.3d 500, 506 (7th Cir. 2016)). So had he not waived his right to appeal, the petitioner would not have procedurally defaulted on his second claim. His third claim—that a 2010 statute affords him some relief—would not have been procedurally defaulted because he says the statute that affords him relief is a 2010 statute; it appears to have become law after he was convicted and sentenced.

But the petitioner has waived his right to raise these claims on collateral review. Paragraph 32 of his plea agreement states:

> Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including

12

but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, () the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

United States v. Stibbe, Case No. 06-cr-224 at Dkt. No. 137, ¶32.

The Seventh Circuit has held that a waiver of §2255 relief in a plea agreement is enforceable, and that a trial court should treat it no differently than the waiver of a direct appeal. See Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); see also United States v. Perillo, 897 F.3d 878, 882 (7th Cir. 2018) ("A 'voluntary and knowing waiver of an appeal is valid and must be enforced.'") (quoting United States v. Sakellarion, 649 F.3d 634, 638 (7th Cir. 2011)). The Seventh Circuit will enforce an appeal waiver in a plea agreement "if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). "To bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (italics omitted). "[A] defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments" and "preclude appellate review even of errors that are plain in retrospect." United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014). "An appeal waiver does not prevent challenges to a sentence based on a constitutionally impermissible factor such as race, a sentence that exceeds the statutory

13

maximum for the particular crime, a proceeding lacking a 'minimum of civilized procedure,' or ineffective assistance of counsel in negotiating the plea agreements." United States v. Campbell, 813 F.3d 1016, 1018 (7th Cir. 2016). A petitioner who waives his right to appeal may argue that he did not knowingly and voluntarily enter into the agreement. Jones, 167 F.3d at 1145. But representations made to a court during a plea colloquy are presumptively true. Hurlow v. United States, 726 F.3d 958, 968 (7th Cir. 2013) (quoting United States v. Chavers, 515 F.3d 722, 724 (7th Cir. 2008)).

The plea agreement explicitly stated that the petitioner waived not just his right to appeal, but his right to challenge his conviction or sentence under 28 U.S.C. §2255. The petitioner has not argued, or presented any evidence demonstrating, that he did not enter into that agreement knowingly, voluntarily and intelligently. The petitioner has not argued that he was sentenced in excess of the statutory maximum; he cannot, because the statutory maximum for the conspiracy charge was life in prison and he received less than a life sentence. See Stibbe, Case No. 06-cr-223, Dkt. No. 137 at ¶6. Nor has he argued that the plea hearing or the sentencing hearing lacked the minimum of civilized procedure, and there is no evidence that they did.

The petitioner appears to believe that the sentencing court relied on a constitutionally impermissible sentencing factor. He appears to believe that his sentence was enhanced for "being a violent criminal under 18 U.S.C.S. 16." Dkt. No. 2 at 1-2. He says that by the time of his federal conviction he already had been convicted and sentenced for reckless homicide in the Wisconsin

14

courts based on the facts that gave rise to his federal charges; he says that he was "designated to be a violent offender in the federal system." Id. at 1. He asserts:

> At the time of my plea hearing and again at the sentencing for conspiracy to distribute and manufacture a controlled substance I repeatedly brought to my attorneys' attention that I did not believe that I should receive a point enhancement for being a violent criminal under 18 U.S.C.S. 16 since I did not believe that by federal standards that I had committed a violent crime at any time. As elaborated in ground two of this motion I believe that counsel was ineffective in this matter and I did in fact receive a violent offender enhancement.

Id. at 1-2.[3]

As best the court can tell, the petitioner believes that Judge Clevert enhanced his sentence based on a finding that the petitioner was a violent offender. Even if this were true—and it is not—that would not necessarily be the type of "constitutionally impermissible" sentencing factor that would constitute an exception to the petitioner's waiver of his right to collaterally attack his conviction and sentence. It is unconstitutional for a judge to enhance someone's sentence based on race, gender or other protected status. But the Seventh Circuit "[has] not extended this exception beyond 'identity-based factor[s] such as race or gender.'" United States v. Smith, __ F. App'x. __

_____

[3] In fact, the petitioner did not receive *any* criminal history points for any reckless homicide convictions. The presentence report applied *zero* criminal history points for a 2006 conviction for first degree reckless homicide/deliver drugs conviction, Stibbe, Case No. 06-cr-223, dkt. no. 605 at ¶166 (this appears to be the offense that was part of the federal charge), and *zero* criminal history points for a November 2007 conviction for first-degree reckless homicide/deliver drugs, id. at ¶167. Not only was the petitioner's sentence not enhanced based on any reckless homicide conviction, but he did not even receive any criminal history points for such convictions.

15

(7th Cir. 2021) (quoting <u>Oliver v. United States</u>, 951 F.3d 841, 848 (7th Cir. 2020); <u>Cross v. United States</u>, 892 F.3d 288, 299 (7th Cir. 2018)).

Even if improperly enhancing a defendant's sentence for being a violent offender was the type of "unconstitutionally impermissible" sentencing factor that would constitute an exception to the collateral attack waiver, Judge Clevert did *not* enhance the petitioner's sentence based on a finding that he was a violent offender. Judge Clevert made no such finding. The defendant was convicted of conspiring to possess with intent to distribute and to distribute a kilogram or more of heroin, with the use of the heroin resulting in death or serious bodily injury. Section 841(a)(1) of Title 21 makes it a crime to manufacture, distribute or dispense, or to possess with intent to manufacture, distribute or dispense, a controlled substance. Under 21 U.S.C. §841(b)(1)(A), a person convicted of possessing with intent to distribute a kilogram or more of heroin is subject to a ten-year (120 month) mandatory minimum sentence and a maximum of life; if death or serious bodily injury results from the use of the heroin, the mandatory minimum increases to twenty years (240 months). The indictment charged the defendant and others with knowingly and intentionally conspiring to distribute one kilogram or more of heroin and alleged that "[d]eath and serious bodily injury resulted from the use of the heroin distributed in furtherance of the conspiracy." <u>Stibbe</u>, Case No. 06-cr-223, Dkt. No. 20 at 1.

The presentence investigation report applied a base offense level of 38 under U.S.S.G. §2D1.1(a)(2), which states that the base offense level for

16

manufacturing, importing, exporting or trafficking controlled substances (or possessing them with the intent to do so) is 38 "if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A) . . . and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance." U.S.S.G. §2D1.1(a)(2) (2007 ed.). The guideline says nothing about violence. It does not require the court to make a finding about whether the defendant is a "violent offender." It requires only that the court make a finding that death or serious bodily injury resulted from the use of the substance the defendant sold—in the petitioner's case, the heroin.

It is true that the Sentencing Guidelines provide for something like a "violent offender" enhancement. U.S.S.G. §4B1.1 says that a defendant is characterized as a "career offender" if he was at least eighteen when he committed the offense of conviction, the instant offense was a felony crime of violence or a controlled substance offense and the defendant has at least two prior felony convictions of either ra crime of violence or a controlled substance offense. If a defendant qualifies as a "career offender," his offense level is increased depending on the statutory maximum applicable to the crime of conviction and his criminal history category automatically is increased to Category VI. There also are statutes that treat certain defendants as "violent offenders," such as the Armed Career Criminal Act, 18 U.S.C. §924(e), which imposes a fifteen-year mandatory minimum sentence on a person who is convicted of being a felon in possession of a firearm after accruing three prior violent felony convictions. The cases the petitioner cited in his brief discussing

the definition of a crime of violence relate to those kinds of statutes and guidelines—the ones that enhance someone's sentence if he has prior convictions for specifically-defined "violent" felonies.

But the petitioner was not charged with, convicted of violating or sentenced under the Armed Career Criminal Act. Neither probation nor the government argued that the petitioner was a "violent offender." Judge Clevert did not find that the petitioner was a career offender. Neither the indictment nor Judge Clevert referenced 18 U.S.C. §16, the statute the petitioner claims was used to improperly enhance his sentence, and that statute is definitional only—it defines "crime of violence" for the purposes of Title 18. The petitioner's sentence was not based on an unconstitutionally impermissible factor.

Nor has the petitioner demonstrated that the court should make an exception to his waiver of his collateral attack rights due to ineffective assistance of counsel in negotiating the plea agreement. The petitioner claims that he "repeatedly brought to [his] attorneys' attention that [he] did not believe that [he] should receive a point enhancement for being a violent criminal under 18 U.S.C.S. 16 since [he] did not believe that by federal standards that [he] had committed a violent crime at any time." Dkt. No. 2 at 1-2. The court already has discussed the fact that the petitioner did not receive an enhancement for being a violent criminal. But even if the petitioner's counsel had been ineffective in failing to raise a particular sentencing argument, that would not have constituted an exception to the collateral attack waiver. Only if the petitioner had alleged that his attorney was ineffective in negotiating the plea

18

agreement would the court have a basis for making an exception to the collateral attack waiver.

So—the petition was not timely filed and the petitioner waived his right to collaterally attack the conviction and sentence even if it had been timely filed. But the petitioner does raise one argument based on a statute that went into effect after he was convicted and sentenced. The petitioner argues that although Judge Clevert concluded that his offense level under the U.S. Sentencing Guidelines was 35, "the base offense level should not exceed (32) and therefore should be adjusted . . . ." Id. at 7. He refers to the "fair sentencing act" of 2010 and the "first step" act of 2018, and points to Section 7 of the statute which, he says, requires that if the defendant is subject to a minimal role adjustment, the base offense level based solely on drug quantity shall not exceed 32. Id. at 6.

The petitioner argues that he was not intimately involved in the conspiracy or drug trafficking organization underlying his conviction. Dkt. No. 1 at 8. He asserts that he "at no time received monetary gain" from the offenses and was an addict. Id. The petitioner contends that he is entitled to relief "[u]nder these considerations and in light of the 'first step prison reform act' which enacts retroactively the fair sentencing act of 2010." Id. The petitioner explains mitigating factors that he believes entitle him to a reduced sentence. Dkt. No. 2 at 6-9.

The Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) applied to all criminal prosecutions in which the sentence was imposed on or

after August 3, 2010. <u>United States v. Holcomb</u>, 657 F.3d 445 (7th Cir. 2011). The petitioner is correct that Section 7 of the act said that if the defendant was eligible for a minimal role adjustment under the Sentencing Guidelines, the base offense level based on drug quantity should not exceed level 32. While the First Step Act of 2018 made retroactive certain provisions of the Fair Sentencing Act of 2010—specifically, those provisions that allowed a court to reduce the sentences of those whose statutory penalties were codified by Sections 2 or 3 of the Fair Sentencing Act—it is not clear that it made the minimal role reduction in Section 7 retroactive. Even if it did, neither the presentence report nor Judge Clevert concluded that the petitioner was eligible for a minor role reduction. While the petitioner believes that he was eligible for such a reduction and that his attorney should have argued for such a reduction, the court already has explained that he waived his right to appeal or collaterally attack his sentence.

The court must dismiss the petition because it was untimely filed and because the petitioner waived his right to collaterally attack his sentence.

### III.  Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 3)

The petitioner has asked the court to allow him to proceed without prepaying a filing fee. Dkt. No. 3. There is no filing fee for a proceeding under §2255; the court will deny the motion as moot.

### IV.  Petitioner's First Motion to Amend the §2255 Motion (Dkt. No. 5)

On June 26, 2020, the clerk docketed the petitioner's letter asking the court to add an additional ground for relief to his §2255 motion. Dkt. No. 5.

20

The petitioner states that under "Burrage a defendant should not be held responsible for sentencing purposes when a mix of substances occurred and there is not a 'but-for' relation to the substance in question."[4] Id. For the reasons the court has already explained, the petitioner is not eligible for relief under §2255 on this or the other issues he raised. The court will deny the motion as moot.

**V.     Petitioner's First Motion to Supplement the Record (Dkt. No. 6)**

On July 23, 2020, the clerk docketed the petitioner's letter arguing that the court should equitably toll the statute of limitations. Dkt. No. 6 at 1-2. To the extent that the petitioner's letter constitutes a motion to supplement the record, the court will grant the motion. The court has considered the statements in the letter. As the court has already explained, however, it must dismiss the case, not only because the petition was untimely filed but because the petitioner waived his right to collateral attack.

**VI.     Petitioner's Second Motion to Supplement the Record (Dkt. No. 7)**

On August 6, 2020, the petitioner filed a "Motion for leave to supplement 28 U.S.C.A. § 2255 motion." Dkt. No. 7. The motion rehashes the petitioner's motion to add a ground for relief based on Burrage and motion to supplement the record with argument regarding the doctrine of equitable tolling. Id. at 1-2. Because the court has addressed those concerns, it will deny the motion as moot.

---

[4] The court assumes the petitioner was referring to the United States Supreme Court's decision in Burrage v. U.S., 571 U.S. 204 (2014).

21

## VII. Petitioner's Motion to Appoint Counsel (Dkt. No. 10)

On September 2, 2021, the petitioner filed a motion asking the court to appoint counsel. Dkt. No. 10. The petitioner states that he has "contacted a number of attorneys requestion representation *pro se* and ha[s] provided denials of such." Id. The petitioner attached letters from three attorneys who declined to litigate the petitioner's case. Dkt. No. 10-1.

Because the court is denying the motion and dismissing the case, the petitioner's motion to appoint counsel is moot. Even if the court were not dismissing the case, it would not grant the motion. There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," although it notes that a district court "may appoint counsel if 'the interests of justice so require.'" Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)).

When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007).

22

Even if the court determined that the petitioner had satisfied the first requirement, the court would conclude that appointment of counsel is unnecessary. The petitioner presented his claims clearly and thoroughly. While appointed counsel might have made the petitioner's job easier, the court was able to understand the petitioner's claims and arguments well enough to decide the issues he raised.

## VIII.  Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the §2255 motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate that the petitioner's motion to vacate, set aside or correct his sentence plainly does not entitle him to relief under 28 U.S.C. §2255(a).

## IX.  Conclusion

The court **DENIES** the petitioner's motion to vacate, set aside or correct the sentence under 28 U.S.C. §2255. Dkt. No. 1.

The court **DENIES AS MOOT** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **DENIES AS MOOT** the petitioner's first motion to amend the §2255 motion. Dkt. No. 5.

The court **GRANTS** the petitioner's first motion to supplement the record. Dkt. No. 6.

The court **DENIES AS MOOT** the petitioner's second motion to supplement the record. Dkt. No. 7.

The court **DENIES AS MOOT** the petitioner's motion to appoint counsel. Dkt. No. 10.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter the judgment accordingly.

Dated in Milwaukee, Wisconsin this 17th day of May, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

24